**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF MISSISSIPPI**
**EASTERN DIVISION**

**BRANDON SUMRALL**                                                                                       **PLAINTIFF**

**v.**                                                       **CIVIL ACTION NO. 2:17-CV-48-KS-MTP**

**ENSCO OFFSHORE COMPANY**                                           **DEFENDANT**

**ORDER**

This matter is before the Court on Defendant's Motion in Limine to Preclude Plaintiff from Testifying Regarding COBRA Notification [49] and Motion in Limine to Exclude Any Documents or Emails Not Produced in Discovery [50]. After reviewing the submissions of the parties and the applicable law, the Court finds that Defendant's motion regarding the COBRA notice [49] is well taken and should be **granted** and the motion regarding evidence not previously disclosed [50] is **granted in part and denied in part**.

**I. BACKGROUND**

This case arises out of an employment dispute. On April 3, 2017, Plaintiff filed this suit against his former employer Ensco Offshore Company ("Ensco") alleging that Ensco failed to promptly reinstate him after he returned from military leave. He has brought a federal claim under the Uniform Services Employment and Reemployment Rights Act (USERRA).

**II. LAW & ANALYSIS**

**A.    Defendant's First Motion in Limine [49]**

In his Complaint, Plaintiff alleged that Ensco did not advise him that he was terminated and he did not receive a COBRA notice.[1] Compl. ¶ 26, ECF No. 1. Ensco has argued that Plaintiff

---
[1] Although neither of the parties have discussed the nature of a COBRA notice, it is worth defining for the sake of clarity. The Consolidated Omnibus Budget Reconciliation Act (COBRA) "requires sponsors of group health plans to

1

should not be permitted to testify that he did not receive a COBRA notification after being terminated, as such evidence is not relevant. Rule 401 of the Federal Rules of Evidence provides that evidence is only relevant if (1) it has any tendency to make a fact more or less probable than it would be without the evidence and (2) the fact is of consequence in determining the action. Ensco submits that even assuming that it did not send Sumrall a COBRA notification, such does not make it more or less probable that it violated USERRA by failing to reemploy Sumrall after he returned from military leave. In response, Plaintiff submits that this is "a minor evidentiary question [that] should be reserved and considered in the context of the other evidence adduced at trial." Pl.'s Resp. to Def.'s Mot. Limine 1, ECF No. 52.

Evidence regarding the purported violation of COBRA is not relevant to Plaintiff's claim that Ensco did not promptly reemploy him as required by USERRA. It does not make any facts in issue more or less likely. Therefore, Defendant's Motion [49] is **granted**. The issue may be revisited at trial, if such evidence becomes relevant.

### B. Defendant's Second Motion in Limine [50]

In this Motion, Ensco asks that the Court exclude evidence not previously disclosed in discovery.[2] Ensco argues that two emails that Plaintiff did not produce during discovery should be excluded at trial. Discovery was originally set to close on December 1, 2017. Case Mgmt. Order 4, ECF No. 10. On November 30, 2017, the parties jointly moved for discovery to be extended for reasons unrelated to this motion. Mot. Amend/Correct Case Mgmt. Order, ECF No. 25. The next

---

provide plan participants who lose coverage because of a 'qualifying event' with the opportunity to choose to continue health care coverage on an individual basis." *Degruise v. Sprint Corp.*, 279 F.3d 333, 336 (5th Cir. 2002).

[2] Initially, Ensco requested that the Court exclude Plaintiff's testimony that he made several calls to Ensco over Father's Day Weekend in June 2012. Ensco had previously moved that this Court exclude such testimony under the Sham Affidavit Rule in its Motion to Strike [38]. In its Memorandum Opinion and Order [55], the Court declined to do so, finding that such testimony presented a question of credibility best resolved by the jury. In light of such ruling, Ensco has withdrawn its request to exclude such evidence. Def.'s Rebuttal Supp. Mots. Limine 2 n.1, ECF No. 56. Therefore, the Court will **deny** this request.

day, December 1, Plaintiff produced a chart purportedly showing emails produced by Plaintiff. This chart referenced an email sent on February 19, 2012 ("Email 1") that had not been previously produced. On December 15, the Court granted the parties' joint motion and extended the discovery deadline to January 12, 2018. Amended Case Mgmt. Order, ECF No. 27. On January 31, 2018, Plaintiff produced a second email from February 19, 2012 that had also not been previously produced ("Email 2"). After a telephonic conference with Magistrate Judge Michael Parker, Plaintiff produced Email 1 on February 5, 2018,

One of the emails was listed in a chart made by Plaintiff's counsel that was attached to Plaintiff's Motion for Partial Summary Judgment. The email is sent from Plaintiff to David Derrick, a rig clerk with BP, and states: "Can you find out what all [I] will need to do when [I] come back (classes), a[ ]lot of my cert[s] [are] expired." Email #2, ECF No. 34-2 (edited for grammar and clarity).

Rule 37(c) of the Federal Rules of Civil Procure states: "If a party fails to provide information . . . as required by Rule 26(a) or (e), the party is not allowed to use that information . . . to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." Rule 26(e) requires that a party who has responded to an interrogatory or request for production must supplement or correct its disclosure or response "in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing." When deciding whether to exclude evidence not properly designated, a court must consider four factors: (1) the explanation for the failure to disclose the evidence; (2) the importance of the evidence; (3) the potential prejudice in allowing the testimony; and (4) the availability of a continuance to cure such prejudice. *Hamburger*

*v. State Farm Mut. Auto. Ins. Co.*, 361 F.3d 875, 883 (5th Cir. 2004); *Geiserman v. MacDonald*, 893 F.2d 787, 791 (5th Cir. 1990).

For the first factor, Plaintiff has given no reason why he did not produce the emails during discovery. They are clearly responsive to Defendant's request for production of documents and within the scope of disclosures required by Rule 26(a). Therefore, this factor strongly weighs in favor of Ensco.

As to the second factor, Sumrall argues that "Ensco has utterly failed to address—much less satisfy—the second and third factors which are 'the importance of the evidence' and 'the potential prejudice to Ensco.'" Pl.'s Resp. Def.'s Mot. Limine 2, ECF No. 53. Sumrall further argues that the Court "cannot evaluate whether the emails are relevant or somehow important to either party" as Ensco did not attach the emails to its motion. *Id.* Sumrall is incorrect. As the proponent of evidence not disclosed in discovery, it is *his* burden to show that the failure to disclose such evidence was either substantially justified or harmless. Furthermore, when evidence is shown to be important, such a showing would weigh *against* exclusion of that evidence. *See Hamburger*, 361 F.3d at 883 (noting that the importance of an expert's proposed testimony weighed in favor of permitting that evidence despite failure to timely designate). Nevertheless, as Ensco has pointed out, there is not much evidence in this case since the relevant time period was six years ago. Further, Ensco has noted that Plaintiff did cite the email in his Motion for Summary Judgment and finally, part of Ensco's defense is that Plaintiff failed to take required classes making Plaintiff ineligible to return to the rig. Therefore, the Court will assume that the evidence is important to Plaintiff's case and that this factor weighs in favor of Plaintiff.

The third factor, the potential prejudice to Ensco, weighs in Defendant's favor. Ensco did not receive notice of these emails until approximately one month after discovery was closed. This

was after Sumrall had been deposed. A pretrial conference in this case is set for three days from now and the trial is to be in next month's term. *See Elliot v. Amandas Indus. Inc.*, 796 F. Supp. 2d 796, 804 (S.D. Miss. 2011) (noting that a two week delay in disclosure is sufficient to disrupt opponent's preparation for trial). Finally, given that Plaintiff has given no reason for his failure to produce the documents during discovery, the Court finds that a continuance is not warranted under the current circumstances. *Id.* ("Chief among the reasons that the Court believes a continuance would serve little purpose is that Plaintiffs have offered no legitimate reason for their delay.").

On balance of the factors above, the Court finds that Email 1 and Email 2 were not properly disclosed during discovery and may not be used during trial. Therefore, the Court **grants in part** Defendant's Motion in Limine to Exclude Any Documents or Emails Not Produced in Discovery [50]. It is **denied in part** as to the Father's Day Weekend Calls, as that portion of the motion has been withdrawn.

### III. CONCLUSION

IT IS, THEREFORE, ORDERED that Ensco's Motion in Limine to Preclude Plaintiff from Testifying Regarding COBRA Notification [49] is **granted**. Ensco's Motion in Limine to Exclude Documents Not Produced in Discovery is **granted in part and denied in part**.

SO ORDERED AND ADJUDGED, on this, the 15th day of May, 2018.

*/s/ Keith Starrett*
KEITH STARRETT
UNITED STATES DISTRICT JUDGE